UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00759-H

BEACON ENTERPRISE SOLUTIONS GROUP, INC. PLAINTIFF

V.

MDT LABOR, LLC DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Beacon Enterprise Solutions Group, Inc. ("Beacon"), brings this action for breach of contract, conversion, for a declaration of the parties' contractual rights, and for a preliminary injunction arising from the non-payment of value added tax ("VAT") refunds pursuant to an Asset Purchase Agreement (the "Agreement"). Of immediate concern, Beacon has moved for a preliminary injunction to enjoin Defendant, MDT Labor, LLC ("MDT"), to remit to Beacon any VAT refunds it has received.

Recently, Beacon and MDT entered into the Agreement, whereby MDT would purchase substantially all of Beacon's operating assets. Explicitly excluded from this conveyance were certain assets, including VAT refunds due to Beacon from various foreign taxing authorities. Should MDT come into possession of the VAT refunds, paragraph 3 of the Agreement obligated MDT to forward the funds to Beacon within twenty-four hours of receipt.

In September and October 2012, VAT refunds were paid into bank accounts that came under MDT's control as a result of the asset purchase transaction. MDT has failed to forward the funds, claiming it is entitled under the Agreement to off-set the funds against fraudulent and uncollectible

accounts receivables that were conveyed to it in the Agreement. Beacon has made numerous unsuccessful written demands for the VAT refunds. This action followed.

Following a telephonic conference between the parties, the Court ordered MDT to deposit the VAT refunds, and any further VAT refunds, received by MDT to the Court. Order (December 6, 2012), ECF No. 15. MDT did so on December 11, 2012, in the amount of $139,486.48. The Court held a preliminary injunction hearing in this matter on January 9, 2013. Fully briefed and argued, this matter is ripe for decision.

**I.**

To obtain preliminary injunctive relief, Beacon must show that it is being threatened with a legally cognizable irreparable injury, for which there is no adequate remedy at law. *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006). When considering a motion for preliminary injunction, courts balance the following four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet v. Lexington Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Injunctive relief is not a matter of right, and the Court has considerable discretion in balancing these factors. *Transamerica Ins. Finance Corp. v. N. Am. Trucking Ass'n, Inc.*, 937 F.Supp. 630, 633 (W.D. Ky. 1996).

**II.**

As evidenced in this Court's companion Memorandum Opinion and Order ruling on Beacon's motion for partial summary judgment on its breach of contract claim, Beacon has demonstrated that it will succeed on its contractual claim that MDT is required to forward all VAT refunds to Beacon within twenty-four hours and that the mere existence of a potential set-off does not alter MDT's obligation.

The second factor the Court must consider is whether MDT's failure to convey the VAT refunds may constitute irreparable harm. As a general rule, if money damages can fully compensate the movant's harm, a preliminary injunction is not appropriate. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 550 (6th Cir. 2007). Typically "[a]n injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate." *United States v. Miami Univ.*, 294 F.3d 797, 819 (6th Cir. 2002); *see also Essroc Cement Corp. v. CPRIN, Inc.*, 593 F.Supp. 2d 962, 969 n.2 (W.D. Mich. 2008)(stating that "the loss of constitutional freedoms, the loss of privacy, damage to one's personal reputation, and the loss of a business's goodwill or fair competition have all been held to constitute irreparable harm that can warrant issuance of preliminary injunctive relief").

The Sixth Circuit has recognized a narrow exception to the general rule "where the potential economic loss is so great as to threaten the existence of a movant's business." *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1382 (6th Cir. 1995). In *Performance*, a book licensor, Performance Unlimited, brought a breach of contract claim against the book publisher based on the publisher's failure to pay accrued royalties under their licensing agreement. *Id* at 1375. On appeal, the Court found that financial ruin can constitute irreparable harm in

extraordinary circumstances where an operating business will be forced to close down on-going operations. *Id*. at 1382; s*ee also Roso-Lino Beverage Distrib. v. Coca-Cola Bottling Co.*, 749 F.2d 124, 125-26 (C.A.N.Y 1984)("The loss of [plaintiff's] distributorship, an ongoing business . . . constitutes irreparable harm. What plaintiff stands to lose cannot be fully compensated by subsequent money damages."). The president of Performance Unlimited stated that absent injunctive relief, the company would "not be able to meet payroll, pay federal withholding taxes, pay vendors, pay royalties owed to licensees, or indeed continue to operate more than another two to three weeks." *Performance*, 52 F.3d at 1381. The Court found that without the payment of royalties, "Performance [would] be unable to operate its business and the business [would] suffer economic collapse or insolvency." *Id*. at 1382.

Beacon argues that absent injunctive relief, the company cannot explore possible business ventures and will likely face financial ruin. Aside from a monthly promissory note and royalty payment Beacon receives from a third party, the VAT refunds constitute Beacon's primary source of income. Mr. Widener, CEO of Beacon, testified that without the refunds, the company would be unable to engage auditors and as a result fall out of compliance with the Securities and Exchange Commission. Additionally, he testified that Beacon is unable to meet payroll; he is the sole employee of Beacon and has not been paid since August 2012. In Beacon's recent SEC Form 8-K Filing, the company indicated it "is currently exploring alternatives for the Company and its shareholders, including mergers, acquisitions, new business ventures and/or the sale of remaining assets." Beacon Enterprise, Current Report (Form 8-K)(September 10, 2012). Mr. Widener further testified that Beacon was exploring new opportunities and needed the VAT refunds to engage in due diligence; however, when pressed on the actual substance of Beacon's "game plan", Mr. Widener

did not detail any specific opportunities Beacon is exploring. MDT claims that Beacon will not suffer irreparable harm because it can be fully compensated by money damages.

The Court concludes that Beacon does not fall into the narrow exception crafted by the Sixth Circuit where a court may issue a preliminary injunction based on financial ruin. There is a significant, though subtle, difference between the entity in *Performance* and Beacon. In *Performance*, the Sixth Circuit found irreparable harm because the company, without injunctive relief, would be forced to turn off its lights in a matter of weeks. With Beacon, the lights are already out. Beacon is not an operational business and injunctive relief would not preserve Beacon as an on-going enterprise. Beacon is merely a public shell of a once-operating company. To warrant such extraordinary relief, Beacon needed to demonstrate that immediate relief would save its operations from impeding financial ruin. The Court acknowledges that Beacon wishes to explore new business ventures and the VAT refunds would go toward due diligence to that end. However, Beacon failed to provide details that substantiate the claim that such opportunities actually exist. The Court finds money damages would fully compensate Beacon's alleged harm.

**III.**

The relevant cases do say that no factor of the preliminary injunction analysis is singularly dispositive and that courts should balance the four criteria to guide its discretion, rather than apply them as rigid prerequisites. *Tenke Corp.*, 511 F.3d at 542. However, some form or possibility of irreparable harm would seem to be a prerequisite for injunctive relief, at least as argued here thus far. Therefore, the Court need not address the remaining two factors. *See Essroc Cement Corp.*, 593 F. Supp.2d at 970 ("The failure to show irreparable harm, by itself, can justify the denial of preliminary injunctive relief without consideration of the other three factors."); *see also Jones v.*

*City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003)("[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue.").

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunction is DENIED.

January 22, 2013

**John G. Heyburn II, Judge**
**United States District Court**

cc: Counsel of Record